UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Vivian O'Nell Cherry, | ) | Case No. 05-13340 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| E. Victor Pruitt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 05-02138 |
| | ) | |
| Vivian O'Nell Cherry (Formerly Vivian Cherry Pruitt); American General Financial Services (DE) Inc., Charles M. Ivey, III, in his capacity as Trustee of of the Bankruptcy Estate of Vivian O'Nell Cherry; and Robert B. Courts, in his capacity as Trustee in Deed of Truste recorded in Book 4381, Pages 26-27 of the Guildford County Registry; and American General Finance, Inc., an Indiana Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

<u>OPINION AND ORDER DENYING MOTION TO DISMISS</u>

This case came before the court on November 7, 2006, for hearing on the Motion to Dismiss Third Cause of Action for Lack of Jurisdiction filed on behalf of American General Finance, Inc. ("American General"). American General is a creditor in the underlying bankruptcy case of Vivian O'Nell Cherry ("Debtor/Defendant"). American General is the holder of a promissory note, in the principal amount of $61,000.00, which is secured by a Deed of Trust

on a Condominium located at 14 Brookway Drive, Greensboro, North Carolina 27410 ("Property"). The Deed of Trust purportedly was executed by both the Debtor/Defendant and the Plaintiff, who each hold a one-half interest in the Property as tenants in common. The causes of action set forth in Plaintiff's complaint revolve around his contention that the signature on the Deed of Trust is not his, and that the execution of the Deed of Trust was done without his permission or knowledge. The third cause of action, the subject of American General's Motion to Dismiss, seeks a declaratory judgment to determine the validity of the Deed of Trust as to Plaintiff's interest in the Property and, if appropriate, to remove the Deed of Trust from the Plaintiff's title to the Property.

The Motion to Dismiss alleges that the bankruptcy court does not have jurisdiction over this matter because jurisdiction lapsed when the trustee abandoned the Property. The Plaintiff's response was two-fold: (1) a bankruptcy court's jurisdiction is determined at the time a complaint is filed and subsequent events (i.e., Trustee's abandonment of the Property) do not divest the bankruptcy court of jurisdiction, and (2) the court has "related to" jurisdiction over the third cause of action because the outcome affects the claim of the Plaintiff. The court took the matter under advisement and is now prepared to rule.

Because jurisdiction over the third cause of action is not dependent upon the court having jurisdiction over the Property, the trustee's abandonment of the Condominium is of no consequence, and the court declines to rule on whether subsequent events can divest a bankruptcy court of subject matter jurisdiction. In this case, the court has jurisdiction because it

has "related to" jurisdiction.[1] In the Fourth Circuit a bankruptcy court has "related to" jurisdiction if " 'the outcome [of the civil proceeding] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate'." Spartan Mills v. Bank of America, 112 F.3d 1251, 1256-57 (4th Cir. 1997) (quoting Pacor, Inc.v Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)). The Fourth Circuit has also held that "related to" jurisdiction exists if "the outcome of a civil proceeding could conceivably have any effect on the estate being administered in bankruptcy." New Horizon of NY, LLC v. Jacobs, 231 F.3d 143, 151 (4th Cir. 2000). This broad definition of "related to" jurisdiction encompasses a proceeding which could affect the amount of a claim in the bankruptcy case, which, ultimately, would affect the ultimate distribution of property among creditors. See, e.g., In re A.H. Robins Co., Inc., 86 F.3d 364, 372 (4th Cir. 1996) (holding bankruptcy court had "related to" jurisdiction because the proceeding could affect the amount that each claimant would receive); Matter of Xonics, Inc., 813 F. 2d 127, 131 (7th Cir. 1987) (holding that when a proceeding "affects the amount of property available for distribution or the allocation of property among creditors" the proceeding is "related to" the bankruptcy case); In re Schuman, 277 B.R. 638, 647 (Bankr. E.D. Pa. 2001) ("Typically, litigation which is related to a bankruptcy case is litigation which will affect . . . the amount or priority of claims to be repaid.").

This court has "related to" jurisdiction over the third cause of action because the outcome of the third cause of action could affect American General's claim, which, in turn, would affect

---

[1] Pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984, if a proceeding is "related to" the bankruptcy case, the bankruptcy court has "related to" jurisdiction over the proceeding.

the amount that is distributed to the other creditors in the bankruptcy case. The third cause of action in Plaintiff's complaint seeks a declaratory judgment to determine the validity of the Deed of Trust as to Plaintiff's interest in the Property and, if appropriate, to remove the Deed of Trust from the Plaintiff's title to the Property. If the Deed of Trust is removed from the Plaintiff's half of the Property, then the Deed of Trust will encumber only the Debtor/Defendant's half of the Property. The record indicates that the value of Debtor/Defendant's half interest in the Property is less than the amount of the secured debt; therefore, American General would have a general unsecured claim for the amount of the debt over and above the value of the collateral. This claim of American General would increase the amount of general unsecured claims of the estate, thereby decreasing the pro rata amount that each general unsecured claimant would be entitled to receive. If, however, the Deed of Trust is upheld, and remains attached to the entire Property, American General would not have a general unsecured claim in the bankruptcy estate since the record indicates that the value of the collateral is greater than amount of the debt. Therefore, the outcome of this proceeding could affect how much general unsecured claimants will be paid in this bankruptcy case, and this court has "related to" jurisdiction.

The 11th Circuit came to the same conclusion in a similar case where a nondebtor brought a proceeding to invalidate a lien attached to property that was not property of the estate:[2]

> The nexus with the bankruptcy estate contemplated by the *Lemco Gypsom/Pacor* test was present . . . . [I]f the Bank's mortgage was held to be invalid, . . . the Bank would have to look entirely to [its collateral] for satisfaction of its $1.8 million indebtedness. To the extent the value to which it was entitled from [the collateral] was insufficient to satisfy this debt, the Bank would become an unsecured creditor causing the funds available for unsecured claims to be spread more thinly. A conceivable effect on the Estate thus exists

---

[2]The 11th Circuit has adopted the Pacor test, the same test that the 4th Circuit has adopted. In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999)

. . . .

In re Toledo, 170 F.3d 1340, 1346 (11th Cir. 1999).

Because the outcome of the third cause of action could affect American General's claim in this bankruptcy case, and, therefore, the distribution to other claimants, this court has "related to" jurisdiction and American General's Motion to Dismiss Plaintiff's Third Cause of Action is denied.

IT IS SO ORDERED.

This 11th Day of December 2006.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge